# EXHIBIT A

**LAW OFFICES OF HECTOR I. RODRIGUEZ**
ATTORNEY AT LAW
ATTORNEY ID: 020851982
353 LIVINGSTON AVENUE
NEW BRUNSWICK, NEW JERSEY 08901
(732) 828-1333
ATTORNEY FOR PLAINTIFF, FELIPE BUSTILLO COLINDRE

| | |
|---|---|
| **FELIPE BUSTILLO COLINDRE** AND **LIDIA L. MENOCAL REYES, H/W** | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MIDDLESEX COUNTY |
| *PLAINTIFFS,* | DOCKET NO.: |
| VS. | *CIVIL ACTION* |
| **WALMART STORES., INC, SAM'S CLUB JOHN DOES 1-10 (NAMES BEING FICTITIOUS AND UNKNOWN) AND ABC CORPORATIONS 1-10 (NAMES BEING FICTITIOUS AND UNKNOWN),** | **COMPLAINT AND JURY DEMAND** |
| *DEFENDANTS.* | |

Plaintiff, **FELIPE BUSTILLO COLINDRE** and **LIDIA L. MENOCAL REYES**

residing at 202 Dilion Court, Apt-2 in the Township of North Brunswick, County of Middlesex

and State of New Jersey, by way of Complaint against the Defendants say:

## FIRST COUNT

1.    At all times relevant to the matter set forth herein, Defendant**, Walmart Stores**

**Inc., Sam's Club JOHN DOE 1-10** and **ABC Corporations 1-10 .,** owned or

leased and/or managed the premises located at **883  US-1- South,  Edison**, New

Jersey known as the "premises."

2.    At all times mentioned herein and prior thereto, Defendant **Walmart Stores Inc**

and/or **Sam's Club**  were responsible individually and/or jointly or severally, or by

1

their agents, servants, and/or employees, for the ownership, design, construction, repair, operation, control, management, inspection, maintenance, and/or supervision of the aforesaid property located at **883 US-1 South**, **Edison**, **New Jersey**, together with its aisle(s), stairs, sidewalk, walkways, passageways and appurtenances thereto.

3.      At all times mentioned herein and prior thereto, the defendants, **JOHN DOES (1-100),** are fictional defendants designated as other corporations, partnerships, proprietorship. or other business entities responsible, individually and/or jointly or severally, or by their agents, servants and/or employees, for the ownership, design, construction, repair, operation, control, management, inspection, maintenance, and/or supervision of the aforesaid property located at **883  US-1 South, Edison New Jersey**. together with its aisle(s), stairs, sidewalks, walkways, passageways and appurtenances thereto.

4.      At all times mentioned herein and prior thereto, the defendants, **ABC CORPORATIONS  (1-10),** are fictional defendants designated as other corporations, partnerships, proprietorship. or other business entities responsible, individually and/or jointly or severally, or by their agents, servants and/or employees, for the ownership, design, construction, repair, operation, control, management, inspection, maintenance, and/or supervision of the aforesaid property located at **883 US-1 South** , **Edison,  New Jersey**, together with its aisle(s), stairs, sidewalks, walkways, passageways and appurtenances thereto.

2

5.      On or about **December 18, 2016,** plaintiff **FELIPE BUSTILLO-COLINDRE,** was shopping at the Walmart Stores Inc, and/or Sam's Club in the produce section when he slipped and fell on grapes scattered on the floor at the premises of **Walmart Stores Inc. and/or Sam's Club located** at **883 US-1 South in Edison, New Jersey,** which defendants owned, designed, constructed, repaired., operated, controlled, managed, inspected, maintained, cleaned and/or supervised together with its aisle(s), stairs, sidewalks, walkways, passages, and appurtenances thereto.

6.      The dangerous and defective condition of the premises at which Plaintiff fell, existed at the time of his incident, had existed for an appreciable time, and constituted an unreasonable risk of harm to the person, including Plaintiff by any means and no warning or caution signs were posted at any place in the aisle or elsewhere respecting the dangerous and defective condition.

7.      The dangerous and defective condition constituted a nuisance with respect to members of the public, including Plaintiff, lawfully walking through the aisleway.

8.      At all times mentioned herein and prior thereto, the defendant had a duty to individuals, including Plaintiff, to operate, construct, repair, design, clean and maintain the premises including the aisles in a reasonable safe condition for the use of individuals walking up and down the aisles.

9.      At the same time and place, the defendant by and through themselves. their agents, servants and employees were careless, reckless and negligent in that they:

3

a.  Failed to properly design, construct, repair, operated, control, manage, inspect, maintain, clean and/or supervise the aforesaid premises, their hallways, stairs, aisle(s), sidewalks, walkways, passageways.

b.  Failed to properly design, construct, repair, operate, control manage, inspect maintain, clean  and/or supervise the aforesaid premises, within the premises in conformity with the Basic National Building Code, National Bureau of Standards, or the NFIPA Life Safety Code:

c.  Failed to keep; the premises, and its stairs, hallways, aisle(s), driveway and sidewalks in a reasonably safe condition;

d.  Failed to exercise reasonable care for the safety of the Plaintiff.

e.  Allowed a nuisance to exist on the premises;

f.  Failed to provide proper supervision to Plaintiff while lawfully on the premise;

g.  Were otherwise careless and/or negligent.

10.  As a direct and proximate result of the carelessness and negligence of the Defendants, the Plaintiff was caused  to fall and sustained severe, painful disabling, and permanent injuries to his body, which injuries necessitated his obtaining medical treatment, he was compelled and shall in the future be compelled to expend large sum of money for medical care and attention, as well as endure great physical and emotional pain, suffering disability, stress, anxiety, depression, inconvenience, and distress; he is prevented from pursuing and enjoying his usual family activities,

4

attending to his duties and chores and from assuming employment and his earning power has been materially and adversely affected; and he was otherwise damaged.

**WHEREFORE,** Plaintiff, **FELIPE BUSTILLO-COLINDRES**, hereby demands judgment against the Defendants, **WALMART STORES INC, SAM'S CLUB, JOHN DOE 1-10 and ABC CORPORATION 1-10 .**, for injuries, medical bills, damages, interest, attorney fees, cost of suit and such other further relief as the court deem just and appropriate.

## SECOND COUNT

1. The plaintiff **LIDIA L. MENOCAL REYE**S, repeats each and every allegation contained the first, second count as if set forth more fully herein at length herein and makes the same part hereof.

2. At the time of the accident as aforesaid and to the present time, the plaintiff **LIDIA L. MENOCAL REYES** was and is the wife of the plaintiff, **FELIPE BUSTILLO COLINDRES** and as such, is entitled to his love, services and consortium, all of which she has been deprived due to the negligence of the Defendants **Walmart's Stores Inc, Sam's Club JOHN DOE 1-10 (representing unknown persons),** and **ABC Corporation 1-10 (representing presently unknown corporations).**

5

H   **WHEREFORE,** Plaintiff, **LIDIA L. MENOJAL REYES**, hereby demands judgment against the Defendants, **WALMART STORES INC, SAM'S CLUB, JOHN DOE 1-10** and **ABC CORPORATION 1-10** ., for injuries, medical bills, damages, interest, attorney fees,  cost of suit and such other further relief as the court deem just and appropriate.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that HECTOR I. RODRIGUEZ, ESQ. is hereby designated as trial counsel on behalf of the Plaintiff in the within matter pursuant to Rule 4:25-4.

## DEMAND FOR PLEADINGS/DISCOVERY

TAKE NOTICE THAT the undersigned  attorney, counsel for the plaintiff, hereby demands pursuant to Rules 1:5-1(A), 4:17-1, 4:17-4(C, that each party herein provide any and all such pleadings and answered to interrogatories received from any party including any documents, papers and other material referred to herein, upon the undersigned attorney, and answer form C and form C(2) Interrogatories of  Appendix II of the N.J rules of the court; and TAKE NOTICE this demands is continuing.

## DEMAND FOR INSURANCE INFORMATION

Pursuant to R. 4:10-2(b) state whether there are any insurance agreement or policies under which any person or firm carrying on an insurance business may be entered in this action or to indemnify or reimburse for payment made to satisfy the judgment.

Attached a copy of each insurance policy or in the alternative state:

a.  Name and address or insurer;
b.  Policy name;
c.  Date of inception and expiration of coverage;
d.  Names and addresses of all persons insured thereunder;
e.  Name and address of person who has custody and possession of policy.

6

## JURY DEMAND

The plaintiffs , **FELIPE BUSTILLO-COLINDRES**  and **LIDIA L. MEMOCAL-REYES**,

hereby demand a trial by jury on all the triable issues of this complaint., pursuant to Rule31:8-2(B)

and Rule 4:35-1(A).

## CERTIFICATION OF NON-PENDENCY

Pursuant to Rule 4:5-1 I hereby certify that to the best of my knowledge. The above
captioned matter is not the subject of any other pending action in any Court or of a pending
arbitration proceeding.  I hereby certify that o other action or arbitration is being contemplated
by the plaintiff. Other than the parties set forth in this pleading, I know of no other parties that
should be joined in the above action.

HECTOR L. RODRIGUEZ, ESQ.

Dated: December 17, 2018

7

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-008410-18

**Case Caption:** COLINDRE FELIPE  VS WALMART STORES, INC.

**Case Initiation Date:** 12/17/2018

**Attorney Name:** HECTOR I RODRIGUEZ

**Firm Name:** HECTOR RODRIGUEZ

**Address:** 353 LIVINGSTON AVENUE
NEW BRUNSWICK NJ 08901

**Phone:**

**Name of Party:** PLAINTIFF : COLINDRE, FELIPE, B

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** YES
   **If yes, for what language:**
   SPANISH,SPANISH

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/17/2018
Dated

/s/ HECTOR I RODRIGUEZ
Signed

# EXHIBIT B

**D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
Four Century Drive | Suite 350
Parsippany, New Jersey 07054
Tel.: 973.734.3200
Fax: 973.734.3201
Email: npeters@darcambal.com
By:  Nada M. Peters, Esq. (NJ Att. Id: 027942004)
Attorneys for Defendants, Walmart, Inc. (improperly pled as Walmart Stores, Inc.)
and Wal-Mart Stores East, LP (improperly pled as Sam's Club)

| | |
|---|---|
| FELIPE BUSTILLO COLINDRE AND LIDIA L. MENOCAL REYES, H/W,<br><br>Plaintiff(s),<br><br>vs.<br><br>WALMART STORES, INC., SAM'S CLUB and JOHN DOES 1-10 (NAMES BEING FICTITIUOUS AND UNKNOWN) AND ABC CORPORATIONS 1-10 (NAMES BEING FICTITIOUS AND UNKNOWN),<br><br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MIDDLESEX COUNTY<br><br>DOCKET NO.: MID-L-008410-18<br><br>*CIVIL ACTION*<br><br>**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, JURY DEMAND, DEMAND FOR RESPONSES TO INTERROGATORIES, DEMAND FOR STATEMENT OF DAMAGES AND CERTIFICATION PURSUANT TO R. 4:5-1(b)(2)** |

Defendants, Walmart, Inc. (improperly pled as Walmart Stores, Inc.) and Wal-Mart Stores East, LP (improperly pled as Sam's Club) (hereinafter referred to as "Defendants"), by way of Answer to the Complaint of Plaintiffs, Felipe Bustillo Colindre and Lidia L. Menocal Reyes ('Plaintiffs"), by and through its attorneys, d'Arcambal Ousley & Cuyler Burk, LLP, says:

## **FIRST COUNT**

1.     Defendants admit only that Wal-Mart Stores East, LP operates a retail store located at 883 US-1, Edison, New Jersey.  Except as herein specifically admitted, Defendants deny the remaining allegations contained in paragraph 1 of the First Count of the Complaint.

2.      Defendants admit only that Wal-Mart Stores East, LP operates a retail store located at 883 US-1, Edison, New Jersey.  Except as herein specifically admitted, Defendants deny the remaining allegations contained in paragraph 2 of the First Count of the Complaint.

3.      Defendants deny that they have knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 3 of the First Count of the Complaint.

4.      Defendants deny that they have knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 4 of the First Count of the Complaint.

5.      Defendants admit only that Wal-Mart Stores East, LP operates a retail store located at 883 US-1, Edison, New Jersey and that on or about December 18, 2016, Plaintiff was present at that retail store.  Except as herein specifically admitted, Defendants deny the remaining allegations contained in paragraph 5 of the First Count of the Complaint.

6.      Defendants deny the allegations contained in paragraph 6 of the First Count of the Complaint.

7.      Defendants deny the allegations contained in paragraph 7 of the First Count of the Complaint.

8.      Defendants deny the allegations contained in paragraph 8 of the First Count of the Complaint.

9.      (a-g) Defendants deny the allegations contained in paragraph 9 of the First Count of the Complaint.

10.     Defendants deny the allegations contained in paragraph 10 of the First Count of the Complaint.

**WHEREFORE**, Defendants, Walmart, Inc. (improperly pled as Walmart Stores, Inc.) and Wal-Mart Stores East, LP (improperly pled as Sam's Club), deny that Plaintiffs are entitled to the relief requested in the Complaint, and request that the Complaint be dismissed with prejudice, and that Defendants be awarded attorneys' fees, costs of suit and such other relief as the Court deems just.

<u>**SECOND COUNT**</u>

1.      Defendants repeat and reiterate their responses to the allegations contained in the First Count of the Complaint as if set forth herein at length.

2.      To the extent the allegations of paragraph 2 of the Second Count of the Complaint are narrative and/or assert legal conclusions, no response is required thereto and the allegations are denied.  To the extent the allegations purport to impute liability to Defendants, they are denied.

**WHEREFORE**, Defendants, Walmart, Inc. (improperly pled as Walmart Stores, Inc.) and Wal-Mart Stores East, LP (improperly pled as Sam's Club), deny that Plaintiffs are entitled to the relief requested in the Complaint, and request that the Complaint be dismissed with prejudice, and that Defendants be awarded attorneys' fees, costs of suit and such other relief as the Court deems just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The injuries and damages claimed are the result of the sole negligence of the Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

The injuries and damages claimed are the result of the contributory negligence of the Plaintiff, which negligence is greater than that of Defendants, or alternatively, Plaintiff's damages, if any, are reduced by the percentage of Plaintiff's comparative negligence and the Comparative Negligence Act, *N.J.S.A.* § 2A:15-5.1, *et seq.*

### THIRD AFFIRMATIVE DEFENSE

The injuries and damages claimed are the result of the negligence of third parties over which Defendants have no control.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to set forth a cause of action upon which relief may be granted and Defendants reserve the right to move before or at the time of trial to dismiss same.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or otherwise reduced by operation of the doctrine of avoidable consequences.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or otherwise reduced by operation of the doctrine of mitigation of damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk and was fully cognizant of any and all circumstances surrounding the alleged incident.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants did not proximately cause any damage to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Defendants deny that they were negligent in any way.

## TENTH AFFIRMATIVE DEFENSE

Defendants did not breach any duty owed to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

The alleged injuries and damages complained of by Plaintiff were due to unavoidable circumstances and causes beyond the control or fault of Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

At all times relevant, Defendants complied with all applicable laws, regulations and standards.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint is subject to dismissal for insufficient service of process on Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, were proximately caused by intervening, superseding causes, and not by Defendants' negligence.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to a credit or set-off with respect to any collateral payments made to Plaintiff for injuries allegedly incurred pursuant to *N.J.S.A.* § 2A:15-97, including but not limited to, any medical bills or costs paid or reduced by health insurance coverage.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend their answer and/or assert additional defenses and/or supplement, alter and/or change their answer upon revelation of more definite facts by Plaintiff in completion of further discovery.

**WHEREFORE**, Defendants, Walmart, Inc. (improperly pled as Walmart Stores, Inc.) and Wal-Mart Stores East, LP (improperly pled as Sam's Club), deny that Plaintiffs are entitled to the relief requested in the Complaint, and request that the Complaint be dismissed with prejudice, and that Defendants be awarded attorneys' fees, costs of suit and such other relief as the Court deems just.


**D'ARCAMBAL OUSLEY
& CUYLER BURK, LLP**
Attorneys for Defendants,
Walmart, Inc. (improperly pled as Walmart
Stores, Inc.) and Wal-Mart Stores East, LP
(improperly pled as Sam's Club)


Dated:  January 24, 2019                    /s/ Nada M. Peters
                                            Nada M. Peters, Esq.

## JURY DEMAND

Take notice that Defendants hereby demands a trial by a jury as to all matters at issue.

**D'ARCAMBAL OUSLEY
& CUYLER BURK, LLP**
Attorneys for Defendants,
Walmart, Inc. (improperly pled as Walmart
Stores, Inc.) and Wal-Mart Stores East, LP
(improperly pled as Sam's Club)

Dated:  January 24, 2019                    /s/ Nada M. Peters
                                            Nada M. Peters, Esq.

## DESIGNATION OF TRIAL COUNSEL

Take notice that pursuant to R. 4:5-1(c), Nada M. Peters, Esq. is hereby designated as trial

counsel.

**D'ARCAMBAL OUSLEY
& CUYLER BURK, LLP**
Attorneys for Defendants,
Attorneys for Defendants,
Walmart, Inc. (improperly pled as Walmart
Stores, Inc.) and Wal-Mart Stores East, LP
(improperly pled as Sam's Club)

Dated:  January 24, 2019                    /s/ Nada M. Peters
                                            Nada M. Peters, Esq.

## DEMAND FOR RESPONSES TO INTERROGATORIES

Pursuant to R. 4:17-1(b)(2), Defendants hereby demand that Plaintiff provide completed and responsive answers to Form A Interrogatories within the time frame set forth under the rules. Additionally, Defendants reserve their right to serve ten Supplemental Interrogatories.

**D'ARCAMBAL OUSLEY**
**& CUYLER BURK, LLP**
Attorneys for Defendants,
Attorneys for Defendants,
Walmart, Inc. (improperly pled as Walmart
Stores, Inc.) and Wal-Mart Stores East, LP
(improperly pled as Sam's Club)

Dated:  January 24, 2019                    /s/ Nada M. Peters
                                            Nada M. Peters, Esq.


## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to R. 4:5-2, Defendants hereby demand that Plaintiff serve a Statement of Damages upon undersigned counsel within five (5) days hereof.

**D'ARCAMBAL OUSLEY**
**& CUYLER BURK, LLP**
Attorneys for Defendants,
Walmart, Inc. (improperly pled as Walmart
Stores, Inc.) and Wal-Mart Stores East, LP
(improperly pled as Sam's Club)

Dated:  January 24, 2019                    /s/ Nada M. Peters
                                            Nada M. Peters, Esq.

**CERTIFICATION PURSUANT TO RULE 4:5-1(b)(2)**

I hereby certify on this date that I know of no other action pending in any court or any pending arbitration proceeding in which the subject matter of the present litigation is also in dispute.  I further certify that I know of no contemplated action or arbitration proceeding which would involve the subject matter of the present litigation.

I hereby certify that I do not know of any non-party that should be joined in this action.


Dated:  January 24, 2019                                  /s/ Nada M. Peters_____
                                                         Nada M. Peters

## CERTIFICATION OF SERVICE

**I HEREBY CERTIFY** that I have caused the within Answer to be electronically filed through the Judiciary's ECourt application with the Superior Court, Middlesex County, New Jersey, and that a copy of this pleading has been served electronically upon the following counsel and a courtesy copy has also been submitted to counsel via First Class Mail:

Hector I. Rodriguez, Esq.
Law Offices of Hector I. Rodriguez
353 Livingston Avenue
New Brunswick, NJ 08904
Phone: 732-828-1333
Attorney for Plaintiffs,
Felipe Bustillo Colindre and Lidia L. Menocal Reyes

Dated:  January 24, 2019                         /s/ Nada M. Peters_____
                                                 Nada M. Peters, Esq.

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-008410-18

**Case Caption:** COLINDRE FELIPE  VS WALMART
STORES, INC.

**Case Initiation Date:** 12/17/2018

**Attorney Name:** NADA MAALOUF PETERS

**Firm Name:** D'ARCAMBAL OUSLEY & CUYLER BURK LLP

**Address:** PARSIPPANY CORPORATE CTR FOUR
CENTURY DR, STE 350
PARSIPPANY NJ 07054-4663

**Phone:**

**Name of Party:** DEFENDANT : WALMART STORES, INC.

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** PERSONAL INJURY

**Document Type:** Answer W/Jury Demand

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** YES
    **If yes, for what language:**
    SPANISH,SPANISH,

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

| 01/24/2019 | /s/ NADA MAALOUF PETERS |
|---|---|
| Dated | Signed |

# EXHIBIT C

**D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
Four Century Drive | Suite 350
Parsippany, New Jersey 07054
Tel.: 973.734.3200
Fax: 973.734.3201
Email: npeters@darcambal.com
By:  Nada M. Peters, Esq. (NJ Att. Id: 027942004)
Attorneys for Defendants, Walmart, Inc. (improperly pled as Walmart Stores, Inc.)
and Sam's East, Inc. (improperly pled as Sam's Club)

| | |
|---|---|
| FELIPE BUSTILLO COLINDRE AND LIDIA L. MENOCAL REYES, H/W, <br><br> Plaintiff(s), <br><br> vs. <br><br> WALMART STORES, INC., SAM'S CLUB and JOHN DOES 1-10 (NAMES BEING FICTITIUOUS AND UNKNOWN) AND ABC CORPORATIONS 1-10 (NAMES BEING FICTITIOUS AND UNKNOWN), <br><br> Defendant(s). | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION <br> MIDDLESEX COUNTY <br><br> DOCKET NO.: MID-L-008410-18 <br><br> *CIVIL ACTION* <br><br> **FIRST AMENDED ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, JURY DEMAND, DEMAND FOR RESPONSES TO INTERROGATORIES, DEMAND FOR STATEMENT OF DAMAGES AND CERTIFICATION PURSUANT TO <u>R.</u> 4:5-1(b)(2)** |

Defendants, Walmart, Inc. (improperly pled as Walmart Stores, Inc.) and Sam's East, Inc. (improperly pled as Sam's Club) (hereinafter referred to as "Defendants"), by way of their First Amended Answer to the Complaint of Plaintiffs, Felipe Bustillo Colindre and Lidia L. Menocal Reyes ('Plaintiffs"), by and through its attorneys, d'Arcambal Ousley & Cuyler Burk, LLP, says:

## **FIRST COUNT**

1.     Defendants admit only that Sam's East, Inc. operates a retail store located at 883 US-1, Edison, New Jersey.  Except as herein specifically admitted, Defendants deny the remaining allegations contained in paragraph 1 of the First Count of the Complaint.

2.      Defendants admit only that Sam's East, Inc. operates a retail store located at 883 US-1, Edison, New Jersey.  Except as herein specifically admitted, Defendants deny the remaining allegations contained in paragraph 2 of the First Count of the Complaint.

3.      Defendants deny that they have knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 3 of the First Count of the Complaint.

4.      Defendants deny that they have knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 4 of the First Count of the Complaint.

5.      Defendants admit only that Sam's East, Inc. operates a retail store located at 883 US-1, Edison, New Jersey and that on or about December 18, 2016, Plaintiff was present at that retail store.  Except as herein specifically admitted, Defendants deny the remaining allegations contained in paragraph 5 of the First Count of the Complaint.

6.      Defendants deny the allegations contained in paragraph 6 of the First Count of the Complaint.

7.      Defendants deny the allegations contained in paragraph 7 of the First Count of the Complaint.

8.      Defendants deny the allegations contained in paragraph 8 of the First Count of the Complaint.

9.      (a-g) Defendants deny the allegations contained in paragraph 9 of the First Count of the Complaint.

10.     Defendants deny the allegations contained in paragraph 10 of the First Count of the Complaint.

2

**WHEREFORE**, Defendants, Walmart, Inc. (improperly pled as Walmart Stores, Inc.) and Sam's East, Inc. (improperly pled as Sam's Club), deny that Plaintiffs are entitled to the relief requested in the Complaint, and request that the Complaint be dismissed with prejudice, and that Defendants be awarded attorneys' fees, costs of suit and such other relief as the Court deems just.

## SECOND COUNT

1.      Defendants repeat and reiterate their responses to the allegations contained in the First Count of the Complaint as if set forth herein at length.

2.      To the extent the allegations of paragraph 2 of the Second Count of the Complaint are narrative and/or assert legal conclusions, no response is required thereto and the allegations are denied.  To the extent the allegations purport to impute liability to Defendants, they are denied.

**WHEREFORE**, Defendants, Walmart, Inc. (improperly pled as Walmart Stores, Inc.) and Sam's East, Inc. (improperly pled as Sam's Club), deny that Plaintiffs are entitled to the relief requested in the Complaint, and request that the Complaint be dismissed with prejudice, and that Defendants be awarded attorneys' fees, costs of suit and such other relief as the Court deems just.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The injuries and damages claimed are the result of the sole negligence of the Plaintiff.

3

## SECOND AFFIRMATIVE DEFENSE

The injuries and damages claimed are the result of the contributory negligence of the Plaintiff, which negligence is greater than that of Defendants, or alternatively, Plaintiff's damages, if any, are reduced by the percentage of Plaintiff's comparative negligence and the Comparative Negligence Act, *N.J.S.A.* § 2A:15-5.1, *et seq.*

## THIRD AFFIRMATIVE DEFENSE

The injuries and damages claimed are the result of the negligence of third parties over which Defendants have no control.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to set forth a cause of action upon which relief may be granted and Defendants reserve the right to move before or at the time of trial to dismiss same.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or otherwise reduced by operation of the doctrine of avoidable consequences.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or otherwise reduced by operation of the doctrine of mitigation of damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk and was fully cognizant of any and all circumstances surrounding the alleged incident.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants did not proximately cause any damage to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Defendants deny that they were negligent in any way.

## TENTH AFFIRMATIVE DEFENSE

Defendants did not breach any duty owed to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

The alleged injuries and damages complained of by Plaintiff were due to unavoidable circumstances and causes beyond the control or fault of Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

At all times relevant, Defendants complied with all applicable laws, regulations and standards.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint is subject to dismissal for insufficient service of process on Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, were proximately caused by intervening, superseding causes, and not by Defendants' negligence.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to a credit or set-off with respect to any collateral payments made to Plaintiff for injuries allegedly incurred pursuant to *N.J.S.A.* § 2A:15-97, including but not limited to, any medical bills or costs paid or reduced by health insurance coverage.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend their answer and/or assert additional defenses and/or supplement, alter and/or change their answer upon revelation of more definite facts by Plaintiff in completion of further discovery.

**WHEREFORE**, Defendants, Walmart, Inc. (improperly pled as Walmart Stores, Inc.) and Sam's East, Inc. (improperly pled as Sam's Club), deny that Plaintiffs are entitled to the relief requested in the Complaint, and request that the Complaint be dismissed with prejudice, and that Defendants be awarded attorneys' fees, costs of suit and such other relief as the Court deems just.

> **D'ARCAMBAL OUSLEY**
> **& CUYLER BURK, LLP**
> Attorneys for Defendants,
> Walmart, Inc. (improperly pled as Walmart
> Stores, Inc.) and Sam's East, Inc.
> (improperly pled as Sam's Club)

Dated:  February 1, 2019                              /s/ Nada M. Peters
                                                      Nada M. Peters, Esq.

### JURY DEMAND

Take notice that Defendants hereby demands a trial by a jury as to all matters at issue.

**D'ARCAMBAL OUSLEY**
**& CUYLER BURK, LLP**
Attorneys for Defendants,
Walmart, Inc. (improperly pled as Walmart
Stores, Inc.) and Sam's East, Inc.
(improperly pled as Sam's Club)

Dated:  February 1, 2019                    /s/ Nada M. Peters
                                            Nada M. Peters, Esq.


## DESIGNATION OF TRIAL COUNSEL

Take notice that pursuant to <u>R.</u> 4:5-1(c), Nada M. Peters, Esq. is hereby designated as trial

counsel.

**D'ARCAMBAL OUSLEY**
**& CUYLER BURK, LLP**
Attorneys for Defendants,
Attorneys for Defendants,
Walmart, Inc. (improperly pled as Walmart
Stores, Inc.) and Sam's East, Inc.
(improperly pled as Sam's Club)

Dated:  February 1, 2019                    /s/ Nada M. Peters
                                            Nada M. Peters, Esq.


## DEMAND FOR RESPONSES TO INTERROGATORIES

Pursuant to R. 4:17-1(b)(2), Defendants hereby demand that Plaintiff provide completed and responsive answers to Form A Interrogatories within the time frame set forth under the rules. Additionally, Defendants reserve their right to serve ten Supplemental Interrogatories.

**D'ARCAMBAL OUSLEY**
**& CUYLER BURK, LLP**
Attorneys for Defendants,
Attorneys for Defendants,
Walmart, Inc. (improperly pled as Walmart
Stores, Inc.) and Sam's East, Inc.
(improperly pled as Sam's Club)

Dated:  February 1, 2019                        /s/ Nada M. Peters
                                                Nada M. Peters, Esq.


## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to R. 4:5-2, Defendants hereby demand that Plaintiff serve a Statement of Damages upon undersigned counsel within five (5) days hereof.

**D'ARCAMBAL OUSLEY**
**& CUYLER BURK, LLP**
Attorneys for Defendants,
Walmart, Inc. (improperly pled as Walmart
Stores, Inc.) and Sam's East, Inc.
(improperly pled as Sam's Club)

Dated:  February 1, 2019                        /s/ Nada M. Peters
                                                Nada M. Peters, Esq.

8

**CERTIFICATION PURSUANT TO RULE 4:5-1(b)(2)**

I hereby certify on this date that I know of no other action pending in any court or any pending arbitration proceeding in which the subject matter of the present litigation is also in dispute.  I further certify that I know of no contemplated action or arbitration proceeding which would involve the subject matter of the present litigation.

I hereby certify that I do not know of any non-party that should be joined in this action.


Dated:  February 1, 2019                                    /s/ Nada M. Peters_____
                                                            Nada M. Peters

## CERTIFICATION OF SERVICE

**I HEREBY CERTIFY** that I have caused the within First Amended Answer to be electronically filed through the Judiciary's ECourt application with the Superior Court, Middlesex County, New Jersey, and that a copy of this pleading has been served electronically upon the following counsel and a courtesy copy has also been submitted to counsel via First Class Mail:

Hector I. Rodriguez, Esq.
Law Offices of Hector I. Rodriguez
353 Livingston Avenue
New Brunswick, NJ 08904
Phone: 732-828-1333
Attorney for Plaintiffs,
Felipe Bustillo Colindre and Lidia L. Menocal Reyes

Dated:  February 1, 2019                           /s/ Nada M. Peters_____
                                                   Nada M. Peters, Esq.

10

# EXHIBIT D



# LAW OFFICE OF HECTOR I. RODRIGUEZ, ESQ.
*Attorneys at Law*

| | |
|---|---|
| Hector I. Rodriguez, Esq. | 353 Livingston Avenue |
| Christine Klimczuk, Esq. | New Brunswick, NJ 08901 |
| | Office: (732) 828-1333 Fax: (732) 828-1495 |

Email:lawofficeofhectorirodriguez@gmail.com

*Via Telefax (973)-734-3201 & First Class Mail*

February 5, 2019

Nada M. Peters, Esq.
D'Arcamba Ousley Cuyler Burk, LLP
Four Century Drive, Suite 350
Parsippany, NJ 07054

RE: <u>Bustillo Colindre et al. v. Walmart Stores, Inc., et al</u>
    Docket No.:       MID-L-8410-18
    Your File Number:   1408-003

Dear Ms. Peters:

    As you are aware, this firm represents the Plaintiffs Felipe Bustillo Colindre and Lidia L. Menocal Reyes in the above matter. Reference is made to your correspondence dated February 1, 2019. Pursuant to your request, enclosed please find Plaintiffs' Statement of Damages claimed.

Very truly yours,
For the Firm,

CHRISTINE KLIMCZUK

/ck
Enclosure

LAW OFFICE OF HECTOR I. RODRIGUEZ
Christine Klimczuk, Esq. – Id. No.: 015531998
353 Livingston Avenue
New Brunswick, New Jersey 08901
(732) 828-1333
Attorneys for Plaintiffs, Felipe Bustillo Colindre
Lidia L. Menocal Reyes, H/W

| | | |
|---|---|---|
| FELIPE BUSTILLO COLINDRE and LIDIA L. MENOCAL REYES, H/W, | : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY |
| | : | DOCKET NO.: MID-L-8410-18 |
| Plaintiffs, | : | |
| | : | Civil Action |
| v. | : | |
| | : | |
| WALMART STORES, INC., SAM'S CLUB, JOHN DOES 1-10 (names being fictitious and unknown, and ABC CORPORATIONS 1-10 (names being fictitious and unknown), | : | STATEMENT OF DAMAGES CLAIMED |
| | : | |
| | : | |
| Defendants. | : | |

TO:    Nada M. Peters, Esq.
       D'Acambal Ousley & Cuyler Burk, LLP
       Four Century Drive, Suite 350
       Parsippany, NJ 07054

**PLEASE TAKE NOTICE**, pursuant to R. 4:5-2, the amount of damages claimed by

Plaintiffs Felipe Bustillo Colindre and Lidia L. Menocal Reyes against Walmart Stores, Inc. and

Sam's Club is in excess of Five Hundred Thousand Dollars ($ 500,000.00).

                                        LAW OFFICE OF HECTOR I. RODRIGUEZ
                                        Attorneys for Plaintiffs, Felipe Bustillo Colindre
                                        and Lidia L. Memocal Reyes, H/W

              By:    _____
                                        CHRISTINE KLIMCZUK

Dated: February 5, 2019