**D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
Four Century Drive | Suite 350
Parsippany, New Jersey 07054
Tel.: 973.734.3200
Fax: 973.734.3201
Email: npeters@darcambal.com
By:  Nada M. Peters, Esq. (NJ Att. Id: 027942004)
Attorneys for Defendants, Walmart, Inc. (improperly pled as Walmart Stores, Inc.) and Sam's East, Inc. (improperly pled as Sam's Club)

| | |
|---|---|
| FELIPE BUSTILLO COLINDRE AND LIDIA L. MENOCAL REYES, H/W,<br><br>Plaintiff(s),<br><br>vs.<br><br>WALMART STORES, INC., SAM'S CLUB and JOHN DOES 1-10 (NAMES BEING FICTITIUOUS AND UNKNOWN) AND ABC CORPORATIONS 1-10 (NAMES BEING FICTITIOUS AND UNKNOWN),<br><br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MIDDLESEX COUNTY<br><br>DOCKET NO.: MID-L-008410-18<br><br>*CIVIL ACTION*<br><br>**FIRST AMENDED ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, JURY DEMAND, DEMAND FOR RESPONSES TO INTERROGATORIES, DEMAND FOR STATEMENT OF DAMAGES AND CERTIFICATION PURSUANT TO R. 4:5-1(b)(2)** |

Defendants, Walmart, Inc. (improperly pled as Walmart Stores, Inc.) and Sam's East, Inc. (improperly pled as Sam's Club) (hereinafter referred to as "Defendants"), by way of their First Amended Answer to the Complaint of Plaintiffs, Felipe Bustillo Colindre and Lidia L. Menocal Reyes ('Plaintiffs"), by and through its attorneys, d'Arcambal Ousley & Cuyler Burk, LLP, says:

### FIRST COUNT

1.  Defendants admit only that Sam's East, Inc. operates a retail store located at 883 US-1, Edison, New Jersey.  Except as herein specifically admitted, Defendants deny the remaining allegations contained in paragraph 1 of the First Count of the Complaint.

2. Defendants admit only that Sam's East, Inc. operates a retail store located at 883 US-1, Edison, New Jersey. Except as herein specifically admitted, Defendants deny the remaining allegations contained in paragraph 2 of the First Count of the Complaint.

3. Defendants deny that they have knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 3 of the First Count of the Complaint.

4. Defendants deny that they have knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 4 of the First Count of the Complaint.

5. Defendants admit only that Sam's East, Inc. operates a retail store located at 883 US-1, Edison, New Jersey and that on or about December 18, 2016, Plaintiff was present at that retail store. Except as herein specifically admitted, Defendants deny the remaining allegations contained in paragraph 5 of the First Count of the Complaint.

6. Defendants deny the allegations contained in paragraph 6 of the First Count of the Complaint.

7. Defendants deny the allegations contained in paragraph 7 of the First Count of the Complaint.

8. Defendants deny the allegations contained in paragraph 8 of the First Count of the Complaint.

9. (a-g) Defendants deny the allegations contained in paragraph 9 of the First Count of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the First Count of the Complaint.

**WHEREFORE**, Defendants, Walmart, Inc. (improperly pled as Walmart Stores, Inc.) and Sam's East, Inc. (improperly pled as Sam's Club), deny that Plaintiffs are entitled to the relief requested in the Complaint, and request that the Complaint be dismissed with prejudice, and that Defendants be awarded attorneys' fees, costs of suit and such other relief as the Court deems just.

## SECOND COUNT

1. Defendants repeat and reiterate their responses to the allegations contained in the First Count of the Complaint as if set forth herein at length.

2. To the extent the allegations of paragraph 2 of the Second Count of the Complaint are narrative and/or assert legal conclusions, no response is required thereto and the allegations are denied. To the extent the allegations purport to impute liability to Defendants, they are denied.

**WHEREFORE**, Defendants, Walmart, Inc. (improperly pled as Walmart Stores, Inc.) and Sam's East, Inc. (improperly pled as Sam's Club), deny that Plaintiffs are entitled to the relief requested in the Complaint, and request that the Complaint be dismissed with prejudice, and that Defendants be awarded attorneys' fees, costs of suit and such other relief as the Court deems just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The injuries and damages claimed are the result of the sole negligence of the Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

The injuries and damages claimed are the result of the contributory negligence of the Plaintiff, which negligence is greater than that of Defendants, or alternatively, Plaintiff's damages, if any, are reduced by the percentage of Plaintiff's comparative negligence and the Comparative Negligence Act, *N.J.S.A.* § 2A:15-5.1, *et seq.*

## THIRD AFFIRMATIVE DEFENSE

The injuries and damages claimed are the result of the negligence of third parties over which Defendants have no control.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to set forth a cause of action upon which relief may be granted and Defendants reserve the right to move before or at the time of trial to dismiss same.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or otherwise reduced by operation of the doctrine of avoidable consequences.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or otherwise reduced by operation of the doctrine of mitigation of damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk and was fully cognizant of any and all circumstances surrounding the alleged incident.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants did not proximately cause any damage to Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Defendants deny that they were negligent in any way.

### TENTH AFFIRMATIVE DEFENSE

Defendants did not breach any duty owed to Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

The alleged injuries and damages complained of by Plaintiff were due to unavoidable circumstances and causes beyond the control or fault of Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

At all times relevant, Defendants complied with all applicable laws, regulations and standards.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint is subject to dismissal for insufficient service of process on Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, were proximately caused by intervening, superseding causes, and not by Defendants' negligence.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to a credit or set-off with respect to any collateral payments made to Plaintiff for injuries allegedly incurred pursuant to *N.J.S.A.* § 2A:15-97, including but not limited to, any medical bills or costs paid or reduced by health insurance coverage.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend their answer and/or assert additional defenses and/or supplement, alter and/or change their answer upon revelation of more definite facts by Plaintiff in completion of further discovery.

**WHEREFORE**, Defendants, Walmart, Inc. (improperly pled as Walmart Stores, Inc.) and Sam's East, Inc. (improperly pled as Sam's Club), deny that Plaintiffs are entitled to the relief requested in the Complaint, and request that the Complaint be dismissed with prejudice, and that Defendants be awarded attorneys' fees, costs of suit and such other relief as the Court deems just.

**D'ARCAMBAL OUSLEY
& CUYLER BURK, LLP**
Attorneys for Defendants,
Walmart, Inc. (improperly pled as Walmart Stores, Inc.) and Sam's East, Inc. (improperly pled as Sam's Club)

Dated: February 1, 2019            /s/ Nada M. Peters
                                    Nada M. Peters, Esq.

### JURY DEMAND

Take notice that Defendants hereby demands a trial by a jury as to all matters at issue.

6

                **D'ARCAMBAL OUSLEY**
                **& CUYLER BURK, LLP**
                Attorneys for Defendants,
                Walmart, Inc. (improperly pled as Walmart
                Stores, Inc.) and Sam's East, Inc.
                (improperly pled as Sam's Club)

Dated:  February 1, 2019        /s/ Nada M. Peters
                Nada M. Peters, Esq.

## DESIGNATION OF TRIAL COUNSEL

  Take notice that pursuant to R. 4:5-1(c), Nada M. Peters, Esq. is hereby designated as trial counsel.

                **D'ARCAMBAL OUSLEY**
                **& CUYLER BURK, LLP**
                Attorneys for Defendants,
                Attorneys for Defendants,
                Walmart, Inc. (improperly pled as Walmart
                Stores, Inc.) and Sam's East, Inc.
                (improperly pled as Sam's Club)

Dated:  February 1, 2019        /s/ Nada M. Peters
                Nada M. Peters, Esq.

## DEMAND FOR RESPONSES TO INTERROGATORIES

Pursuant to R. 4:17-1(b)(2), Defendants hereby demand that Plaintiff provide completed and responsive answers to Form A Interrogatories within the time frame set forth under the rules. Additionally, Defendants reserve their right to serve ten Supplemental Interrogatories.

**D'ARCAMBAL OUSLEY<br>
& CUYLER BURK, LLP**<br>
Attorneys for Defendants,<br>
Attorneys for Defendants,<br>
Walmart, Inc. (improperly pled as Walmart Stores, Inc.) and Sam's East, Inc. (improperly pled as Sam's Club)

Dated:  February 1, 2019               /s/ Nada M. Peters                    
                                       Nada M. Peters, Esq.

### DEMAND FOR STATEMENT OF DAMAGES

Pursuant to R. 4:5-2, Defendants hereby demand that Plaintiff serve a Statement of Damages upon undersigned counsel within five (5) days hereof.

**D'ARCAMBAL OUSLEY<br>
& CUYLER BURK, LLP**<br>
Attorneys for Defendants,<br>
Walmart, Inc. (improperly pled as Walmart Stores, Inc.) and Sam's East, Inc. (improperly pled as Sam's Club)

Dated:  February 1, 2019               /s/ Nada M. Peters                    
                                       Nada M. Peters, Esq.

**CERTIFICATION PURSUANT TO RULE 4:5-1(b)(2)**

  I hereby certify on this date that I know of no other action pending in any court or any pending arbitration proceeding in which the subject matter of the present litigation is also in dispute. I further certify that I know of no contemplated action or arbitration proceeding which would involve the subject matter of the present litigation.

  I hereby certify that I do not know of any non-party that should be joined in this action.


Dated:  February 1, 2019        /s/ Nada M. Peters
                  Nada M. Peters

## CERTIFICATION OF SERVICE

**I HEREBY CERTIFY** that I have caused the within First Amended Answer to be electronically filed through the Judiciary's ECourt application with the Superior Court, Middlesex County, New Jersey, and that a copy of this pleading has been served electronically upon the following counsel and a courtesy copy has also been submitted to counsel via First Class Mail:

Hector I. Rodriguez, Esq.
Law Offices of Hector I. Rodriguez
353 Livingston Avenue
New Brunswick, NJ 08904
Phone: 732-828-1333
Attorney for Plaintiffs,
Felipe Bustillo Colindre and Lidia L. Menocal Reyes

Dated:  February 1, 2019                              /s/ Nada M. Peters
                                                      Nada M. Peters, Esq.